## P. C. PETERS v. THE STATE.

### No. 402.    Decided April 14.

Burglary—Domestic Servant or Inhabitant—"Breaking."—The difference between an unlawful entry into a house, to constitute burglary, when made by a domestic servant or inhabitant of the house, and that made by a stranger, is, that in the latter case a constructive breaking is sufficient, while as to the former our statute requires that the breaking be an actual breaking. Penal Code, art. 714.

APPEAL from the District Court of Hunt. Tried below before Hon. E. W. TERHUNE.

The indictment charged that defendant Peters did by force, threats, and fraud, at night, break and enter a house occupied by R. D. Campbell and N. B. Eiland, with intent to commit the crime of theft. At his trial he was convicted of burglary, and his punishment assessed at two years' imprisonment in the penitentiary.

The evidence is that defendant, about 12 or 1 o'clock at night, opened an oat bin in a livery stable which belonged to Campbell and Eiland, and took a bushel of oats, the property of said parties, from said bin, without their knowledge or consent. It appears that there was an east

and west side to the livery stable. Campbell and Eiland had rented the east half of the stable, and one John Goode the west half. Defendant was a "horse doctor," and he rented three stalls from Goode in which he kept horses, and also rented a sleeping room inside the stable and in rear of the stable office, in which he and another party slept. The oat bin was in rear of this room. These rooms were between the east and west side of the stable, and inside the stable. The other part of the stable was open vacant space between the stalls, which were arranged on the east and west sides respectively. This open space in the stable was used in common by all parties occupying any part of the stable. For three months defendant had occupied the stalls and slept in the room he rented from Goode. The bin was entered by raising a shutter and placing a stick under the shutter to hold it up. The shutter could be easily raised.

*M. M. Brooks*, for appellant.—The evidence in this case shows that the appellant was an inhabitant of the stable; that he slept there, kept his horses there, and had his office there. He was a veterinary surgeon, and kept his instruments in the livery stable for the purpose of doctoring horses. There was no partition between the east and west sides of the stable. That the oat bin was attached to the room in which appellant slept, but had no cover or top save the roof of the stable. That the bin was entered by lifting a small door. No "actual force" was necessary to enter the bin.

Article 714, Penal Code, provides: "An entry into a house for the purpose of committing theft, unless the same is effected by actual breaking, is not burglary when the same is done by a domestic servant or other inhabitant of such house; but a theft committed by such person after entering a house is punishable as in other cases." Miller v. The State, 23 Texas Crim. App., 38; Melton v. The State, 24 Texas Crim. App., 288; Wakefield v. The State, 41 Texas, 556.

Appellant was neither a lodger nor a visitor, but had his permanent residence in the livery stable.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at two years in the penitentiary.

Appellant resided in a livery stable. Adjoining his room, and within the same building, was an oat bin, the entrance to which was a small door, which was raised by any person getting oats. It was unlocked. The bin contained oats belonging to other parties, who rented other portions of the livery stable. At midnight appellant raised the door and took out some oats, of the value of forty cents, and fed to his horses. Was it burglary? Under our code there is quite a difference

between an unlawful entry into a house made by a domestic servant or inhabitant thereof, and that made by a stranger. To constitute burglary on the part of a domestic servant or inhabitant of the house, there must be an actual and not a constructive breaking (Penal Code, art. 714), while on the part of a stranger a constructive breaking is sufficient, as by lifting a latch, or raising a window, or opening a door. Id., art. 708. The law applies as well to the inner as the outer door. Anderson v. The State, 17 Texas Crim. App., 311. The evidence clearly shows that the appellant was an inhabitant of the livery stable. Wakefield's case, 41 Texas, 558. Therefore his lifting the door of the bin would not constitute the actual breaking required by the law to constitute burglary under the code.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.