## J. B. TURNER V. THE STATE.

No. 2461.   Decided October 22, 1913.

**1.—Theft of Cattle—Evidence—Unrecorded Brand—Charge of Court.**

Under the law as it formerly stood, evidence of an unrecorded brand on the alleged stolen cattle for the purpose of ownership, was inadmissible, and could only show identity of the alleged stolen animal; but it was necessary to so limit the testimony.

**2.—Same—Unrecorded Brand—Amended Law—Ownership—Identity.**

Under the Act of March 31, 1913, article 7160, Revised Civil Statutes, is now so amended that evidence of an unrecorded brand is now admissible for the purpose of establishing ownership as well as identity.

**3.—Same—Recent Possession—Charge of Court.**

Where, upon trial of theft of cattle, the evidence raised the issue of recent possession and explanation, the court properly charged on such issue, and the charge following approved precedent, there was no error.   Following Wheeler v. State, 34 Texas Crim. Rep., 350.

**4.—Same—Evidence—Moral Turpitude.**

Upon trial of theft of cattle, testimony of the conviction of defendant about eighteen years previous to the instant trial· was too remote and inadmissible.

**5.—Same—Evidence—General Reputation.**

Upon trial of theft of cattle, the general reputation of the notary public before whom the purported bill of sale was acknowledged was thought a little bad should not have been admitted.

Appeal from the District Court of Lubbock.   Tried below before the Hon. W. R. Spencer.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Dalton & Russell* and *W. F. Ramsey,* for appellant.—On question of court's charge on recent possession and explanation: Cleveland v. State, 57 Texas Crim. Rep., 356; Diseren v. State, 59 Texas Crim. Rep., 149, 127 S. W. Rep., 1038; Grande v. State, 37 Texas Crim. Rep., 51; Carson v. State, 48 id., 157; Gilfod v. State, 48 id., 312.

.On question of admitting evidence as to moral turpitude: Justiss v. State, 57 Texas Crim. Rep., 218; Branch Crim. Law, sec. 863.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of unrecorded brand: Steed v. State, 67 S. W. Rep., 328; Garrett v. State, 61 S. W. Rep., 129.

On question of general reputation of notary: Wharton on Crim. Ev., 9th Ed., sec. 829.

PRENDERGAST, PRESIDING JUDGE.—The appellant was indicted in some nine counts in the indictment. The court submitted four of these to the jury for a finding,—the fourth, which charged theft from W. S. Hall; the fifth, which charged theft from an unknown owner; the seventh, which charged the unlawful and fraudulent receiving of stolen property from some person to the grand jurors unknown, such unknown person having acquired the property under such terms as to be guilty of theft; and the eighth count, with receiving the stolen property from someone who had fraudulently, etc., taken the same from said Hall. There was a general verdict. The court in the judgment applied the verdict, in effect, to the fourth count.

The contention of the State was that the alleged stolen cattle was the property of the Van Nattas, but that they were in the possession, control, etc., of said Hall, who was their manager.

By bills appellant complains that the court permitted the said Van Nattas and Hall to testify that the said Van Nattas ran as their brand the letter "V" on the left jaw and thigh, claiming that as their brand was not recorded, such evidence was inadmissible to prove ownership. Under the previous uniform holding of this and the Supreme Court, when it had criminal jurisdiction, such testimony was not admissible to prove ownership, but it was admissible for the purpose of showing identity of the alleged stolen animals; but he nowhere in his charge to the jury restricted the jury to the consideration of such testimony for the purpose of identity alone. The appellant requested, and the court refused to give this charge:

"You are instructed that on the question of ownership you will not consider the evidence of the brand of Van Natta brothers, as it was not shown to have been recorded." This charge should have been given and for the refusal of the court to give it this case must be reversed. Childers v. State, 37 Texas Crim. Rep., 392. It is needless to cite the many other cases to the same effect. However, we call attention to the fact that since the trial of this cause, by the Act of March 31, 1913, page 129, which went into effect on July 1, 1913, the Legislature of this State

amended article 7160 of the Revised Civil Statutes, whereby it is provided in that article that no brand, except such as is recorded shall be recognized in law as any evidence of ownership of cattle, etc., by providing "that this shall not apply in criminal cases." So that hereafter the decisions of this court limiting the evidence of unrecorded brands to identity of a stolen animal, shall not apply in criminal cases, but such evidence will be admissible for the purpose of establishing ownership as well. Dugat v. State, 67 Texas Crim. Rep., 46, 148 S. W. Rep., 789.

In view of another trial, we will pass upon the other questions raised by appellant. The court gave a charge on the possession of recently stolen property, which has been expressly approved by this court (Wheeler v. State, 34 Texas Crim. Rep., 350, and many other cases since then). It seems appellant does not contend that this is not a proper charge, if called for by the evidence, but his contention is that the evidence called for no charge on the subject. It is unnecessary for us to detail the evidence. The testimony does show that soon after the alleged theft of this property these cattle were shown to have been in appellant's posssssion and sold by him; that he was at once indicted and the party to whom he sold them was also indicted for receiving from him said alleged stolen property and that very soon after, this purchaser called on him for an explanation of his possession which was the first time and first occasion he had been so called upon to explain; that he then explained, in effect, that he had not stolen the cattle; that he had a bill of sale and a check showing payment for them. We are clear that this was such an explanation of his possession of this alleged stolen property as called for the charge given by the court. It was unnecessary, in order to call for this charge, that he should go minutely into the question of from whom he bought the cattle, how much he paid for them, when, and all the other details. See the cases collated in White's P. C., secs. 1518 and 1510.

The appellant himself testified. In cross-examination by the defendant, over his objections, he was required to testify before the jury that about eighteen years before this trial he had been convicted for a felony and served an eighteen-months term in the penitentiary in the Indian Territory. This was objected to because it was too remote. Under our law, when an accused himself testifies, he is subject to examination and cross-examination as any other witness, and can be compelled to testify to any previous felony convictions or indictments for felony, provided they are not too remote or too long since. (Wright v. State, 63 Texas Crim. Rep., 429.) This court has never fixed any definite time,—the shortest,—where such testimony could be introduced. It depends upon the circumstances of the case. (Oates v. State, 67 Texas Crim. Rep., 488, 149 S. W. Rep., 1194; Vick v. State, 71 Texas Crim. Rep., 50, 159 S. W. Rep., 56.) In our opinion the conviction of appellant in the Indian Territory, as shown above, and his having served a term in the penitentiary therein, under the circumstances of this case, as developed

by this trial is too remote. Upon another trial, if objection is made, the testimony of that conviction should be excluded by the court.

Upon another trial the testimony of Lewis to the effect that the general reputation of B. C. Campbell, the notary before whom the purported bill of sale purports to have been acknowledged, for honesty he thought was a little bad, should not be admitted upon proper objections thereto.

There is nothing else raised necessary to be discussed. For the error above pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*