ED JAMES v. THE STATE.

No. 2928.   Decided January 14, 1914.

Rehearing denied February 4, 1914.

**1.—Murder—Variance—Date of Offense.**

Where the indictment alleged the murder to have been committed about March 30, and the evidence showed that it was committed on the day previous thereto, the matter presented no variance.

**2.—Same—Charge of Court—Objections—Practice—Statutes Construed.**

Where defendant was not tried until September, 1913, the law which provides that the judge shall furnish counsel with a copy of his charge was in force, and under this law counsel for defendant must at that time, before the charge was read to the jury, present his objections thereto in writing distinctly specifying each ground of objection.

**3.—Same—Charge of Court—Practice—Procedure.**

Where the record on appeal disclosed that defendant's counsel was furnished a copy of the charge of the court during his trial for murder and before it was read to the jury, and presented no objections thereto, the fact that the offense was committed before the above law went into effect does not change the practice, and he can not complain of the charge of the court for the first time in his motion for new trial, as the Act of the Thirty-third Legislature relates solely to the procedure in the trial of criminal cases. Following Mrous v. State, 31 Texas Crim. Rep., 597.

**4.—Same—Case Stated—No Fundamental Error.**

Where chapter 138 of the Acts of the Thirty-third Legislature with reference to the charge of the court, in requiring that objections thereto must then be made in writing, etc., was in force and effect when defendant was tried for murder, and he took no such exceptions to the charge of the court before it was read to the jury or during the progress of the trial, the same can not be reviewed on appeal, no fundamental error appearing of record.

**5.—Same—Accomplice—Charge of Court—Limiting Testimony—Exceptions to Charge.**

Where appellant complained for the first time in his amended motion for new trial that the charge of the court failed to instruct the jury as to the law governing accomplice testimony, and it appeared of record that chapter 138 of the Acts of the Thirty-third Legislature requiring that written exceptions must be made to the charge of the court before it is read to the jury was in force, this court can not review said matter.

**6.—Same—Sufficiency of Evidence.**

Where, upon trial of murder and a conviction of murder at imprisonment for life was sustained by the evidence, there was no error on that ground.

**7.—Same—Newly Discovered Evidence—Impeachment.**

Where the alleged newly discovered testimony only tended to impeach the State's witness with reference to the fact that said witness did the shooting,

and the court instructed the jury to acquit the defendant if from the evidence they had a reasonable doubt as to whether or not he did kill deceased, there was no error.

### 8.—Same—Degrees of Murder—Charge of Court—Jurisdiction.

Where, upon trial of murder, it appeared on appeal from the record that the law defining murder under chapter 116 of the Act of the Thirty-third Legislature was not in effect when said offense was alleged to have been committed, but the Act of the Thirty-third Legislature, chapter 138, with reference to presenting exceptions to the charge of the court in writing before the same is read to the jury was in effect at the time of the trial, and it further appeared that defendant made no such exceptions or complaint at the time the charge of the court was delivered to him for inspection, and did not raise this question as to the degrees of murder until two months after the term of court at which he was tried adjourned, and when the case was pending in the Court of Appeals, the matter can not be reviewed on appeal, as the question did not go to the jurisdiction of the trial court, and the charge of the court authorized the jury to inflict a penalty of not less than five years.

### 9.—Same—Motion for New Trial—Practice on Appeal.

Where defendant was convicted of murder and his penalty assessed at imprisonment for life, and made no exceptions to the charge as required under the present law, but contended that he could do so in his motion for new trial, and therein stated that the verdict is unsupported by the evidence and is contrary to law, this would only raise the question of the sufficiency of the evidence, and the same being sufficient to sustain the conviction under the present law, there was no error.

### 10.—Same—Bills of Exception—Article 743, Code of Criminal Procedure.

Where the law of the Thirty-third Legislature with reference to presenting written exceptions to the court's charge at the time it is tendered for inspection, etc., was in force, the contention of appellant that as the court granted time to file bills of exception that thereby he could file bills of exception to the charge of the court within the time granted is untenable, where he had failed to make exceptions to the charge as required by the above law; especially where he had not complained thereof in his motion for new trial. Article 743, Code Criminal Procedure, as amended. Davidson, Judge, not concurring.

Appeal from the District Court of Brazoria. Tried below before the Hon. Samuel J. Styles.

Appeal from a conviction of murder; penalty, life imprisonment in the penitentiary.

The opinion states the case.

*Walter L. Wilson,* for appellant.—On question of variance of date and failure to define the degree of murder: McCloud v. State, 39 S. W. Rep., 104; Armstead v. State, 22 Texas Crim. App., 51; Hutto v. State, 7 id., 44; McCloud v. State, 37 Texas Crim. Rep., 237; Johnson v. State, 30 Texas Crim. App., 519; Polk v. State, 60 Texas Crim. Rep., 150.

On question of ex post facto law and charge of court on penalty: Buford v. State, 44 Texas, 525; Wright v. State, 23 Texas Crim. App., 313; Cook v. State, recently decided; Hill v. State, recently decided; Johnson v. State, recently decided.

On question of accomplice testimony: Winn v. State, 15 Texas Crim. App., 169; Sitterlee v. State, 13 id., 587; Howell v. State, 16 id., 93;

Fuller v. State, 10 id., 380; Anderson v. State, 20 id., 312; Stone v. State, 22 id., 185; Boren v. State, 23 id., 28.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted for murder, found guilty and his punishment assessed by the jury at imprisonment for life.

The crime which he is alleged to have committed is stated in the indictment to have been committed on or about March 30th. Appellant insists that the evidence shows the crime to have been committed on March 29. This would be an immaterial matter, and would present no variance. Appellant was not tried until in September, 1913. At this time the law, which provides that the judge shall furnish counsel with a copy of his charge, and counsel must at that time, before it is read to the jury, present his objections thereto in writing, distinctly specifying each ground of objection, had gone into effect, it having become the law about two months before appellant was tried.

The record discloses that appellant's counsel was furnished a copy of the charge before it was read to the jury. Yet he at that time presented no objections to it. He contends that as the crime was committed before this law went into effect, that even though he was tried subsequent thereto, the latter law had no application to the trial, and he can still complain of the charge in his motion for a new trial. This position is not tenable. Chapter 138 of the Acts of the Thirty-third Legislature relates solely to the procedure to be had in the trial of cases, and even though the offense was committed prior to its enactment, yet if the trial is had subsequent to the date this chapter became the law of the land, one should be tried in accordance with its provisions, and he must, when the charge is furnished him, present his objections to the charge in writing before the same is read to the jury. (Mrous v. State, 31 Texas Crim. Rep., 597.) In that case it is held that laws which relate to modes of procedure only, no one can be said to have a vested right, and the State, on grounds of public policy, may regulate at pleasure, citing Laughlin v. Com., 13 Bush., 261. In sec. 674 of Sutherland's Work on Statutory Construction, it is said: "No person can claim a vested right in any particular mode of procedure for the enforcement or defense of his rights. Where a statute deals with procedure only, *prima facie* it applies to all actions—those which have occurred or are pending, and future actions. If before final decisions a new law as to procedure is enacted and goes into effect it must from that time govern and regulate the proceedings," citing a long list of authorities which will be found on pages 1226 and 1227 of vol. 2, 2nd ed. See also Cooley on Constitutional Lim., page 515, 7th ed.; Black on Int. of Laws, sec. 106, page 265. Consequently, as no exception was taken to the charge before it was read to the jury, and none taken during the progress of the trial, we can not consider nor review those grounds in the motion for a new trial which seek to complain of the trial court's

charge. The provisions of chapter 138 of the Acts of the Thirty-third Legislature prohibit us from so doing, unless the error should be one that is deemed in law a fundamental error.

The amended motion for a new trial sets up but three grounds. The first complains of the charge in not instructing the jury as to the law governing accomplice testimony as regards the testimony of John Green. As hereinbefore shown, we can not review that ground in the motion, it being first complained of it in the motion for a new trial. The State did not introduce John Green in making its case originally, but rested its case on the testimony of Dr. Hampil, Bessie Spiller, and Irving Littleton. The testimony of these witnesses shows that deceased was shot in the back, and Littleton swears he saw appellant fire the shots that killed deceased. Appellant by his testimony endeavored to prove that John Green fired the shots and killed deceased. The State then introduced Green who testified that he did not do the shooting, but that appellant did do so. There is no testimony offered either by the State or the defendant showing or tending to show they were acting together in the matter. The State's case is that appellant fired the shots; appellant's case is that he did not do so, but that John Green fired the shots. The only thing that would tend to make Green an accessory is that he first said he fired the shots. He testified that he told this at appellant's request, to give appellant a chance to escape. But he corrected this statement the next morning, and appellant was arrested. It does not appear that Green has ever been indicted for this offense, appellant alone being indicted, and if this attempted concealment of the crime should be held to make him an accessory to the crime, the failure to so limit his testimony under the circumstances would not present reversible error, when no exception was reserved to the charge, and complaint is made for the first time in the motion for a new trial under the provisions of the law hereinbefore cited.

The second ground in the motion for a new trial is that the evidence is insufficient to sustain the conviction. The testimony of Irving Littleton and Ellison Morrison would sustain the verdict, if no other witnesses had testified.

The third and only other ground in the amended motion for a new trial alleges newly discovered testimony. This testimony would only tend to impeach the witness John Green. It relates solely to remarks he made after the trial. One witness says he heard John Green say after the trial, "that they were so long in calling him to go on the stand, he thought they were going to try him (John Green)." Another witness says, "that after the trial he heard John Green say that when he was arrested he had paid a lawyer $150 to defend him, and he expected to get all of it, or at least half of it back. That he did not need a lawyer now." None of this would go to show that Green was the guilty party in fact, nor would it tend to show that appellant was not guilty. It would simply go to impeach and weaken the testimony of Green, and it is no ground for a new trial. The court instructed the jury: "If

you believe from the evidence that John Green shot and killed the said Ellison Flannagan, or you have a reasonable doubt as to whether or not he did, you will acquit the defendant."

This disposes of all the grounds assigned in the trial court. The term of court at which appellant was tried adjourned September 27th. Two months thereafter, on November 18th, in vacation, appellant files two papers in this case in which he seeks to raise the question that the court erred in not charging the jury on murder in the first degree and second degree, and in charging the jury only as to murder as defined by chapter 116 of the Acts of the Thirty-third Legislature. As this law did not take effect until July 1, 1913, and the offense was committed in March, it may be said he was entitled to have the court charge the jury in regard to penalty of the law in effect when he committed the offense, and define murder upon express and implied malice, and not instruct them under the law of the last Legislature. But he makes no complaint at the time the charge was delivered to him for inspection; he makes no complaint in this respect even in the motion for a new trial, and does not seek to raise this question until two months after the term of court at which he was tried adjourned, and when the case was pending in this court on appeal. So the question is, is this such a matter as can be raised for the first time in this court? The new law ameliorates the penalty as to murder in the first degree as it formerly existed, but it authorizes a more severe penalty as to murder in the second degree, as it existed at the time of the commission of the offense. But the penalty assessed by the jury is no more severe than could have been assessed for murder in the second degree. Had this question been raised during the trial of the case, or reserved in an exception to the charge, so as to give the trial court an opportunity to rule thereon, we would feel inclined to sustain appellant's contention. But those questions which can be raised for the first time in this court, are such as to go to the jurisdiction of the trial court, not mere errors in procedure or in the charge, if the charge submits the offense alleged in the indictment. In our opinion this question can not be raised for the first time in this court, for the trial court had jurisdiction of the offense; the indictment is properly drawn, and the jury was authorized by the charge to inflict a penalty of not less than five years—the minimum penalty formerly assessed for murder in the second degree. Had they not been authorized to assess this minimum penalty by the charge, we might take a different view of the matter, but the punishment authorized by the charge was the punishment authorized under the prior penalty, the minimum and maximum punishment being submitted, and under such circumstances it is not such error as is authorized to be raised for the first time in this court.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, JUDGE.—The opinion in this case involves very serious questions, growing out of the construction of recent Acts of the Legis-

lature. These Acts are far reaching, involving wide changes in the rules
of procedure in the trial of criminal cases. Owing to the rush of work
and the rapidity with which cases are being disposed of I have not been
able to give the matters involved such consideration as their gravity
demand. Before agreeing to the construction sought to be placed on
these statutes by my brethren I desire to investigate more fully, there-
fore, in this case I do not express any conclusion, but will investigate
the questions, and when my conclusion is fully reached will so write.
The questions involved are of too serious a nature to be decided without
the fullest and maturest consideration.

### ON REHEARING.

#### February 4, 1914.

HARPER, JUDGE.—Appellant has filed a motion for rehearing in this
cause, contending that it has been the rule in this court "for forty years
that a person could complain of the charge of the court in a motion for
a new trial," and then proceeds to show that he has the following com-
plaint in his motion: "Because of fact the verdict is unsupported by the
evidence and contrary to law, and the court erred in entering judgment
upon the verdict." This would raise only the question of the sufficiency
of the testimony to support the verdict, and no other question; and as
shown in the original opinion, the evidence offered in behalf of the State
is amply sufficient. Either appellant or John Green foully murdered
the deceased, and this issue was submitted to the jury in language fre-
quently approved by this court.

The complaint that the verdict is "contrary to the law" points out no
error in the charge of the court, if error there be.

Appellant also contends that as the court granted time in which to
file bills of exception, and as he filed exceptions to the charge within
the time granted, even though they were filed fifty-two days after court
adjourned, the criticisms of the charge contained in the bills of excep-
tion should be considered, although he had not objected to the charge
at the time it was given, nor in the motion for a new trial. The court
in approving these bills says: "The charge was submitted to counsel
for defendant, and no exceptions to the charge were made, and no special
charge was asked." And by reference to the motion for new trial it is
seen that no complaint of the charge is there made in respect to the
matter complained of, but these complaints are sought to be made for
the first time fifty days after court had adjourned for the term. While
it has heretofore been the rule that complaints of the charge may for the
first time be made in the motion for a new trial, it has never been the
rule that these complaints could be made after court had adjourned for
the term. And it is not the law now that complaints of the charge can
be made for the first time in the motion for a new trial. Under the
law enacted by the Legislature at its last session, it was provided that
when the charge was submitted to counsel, he must then in writing file

his objections to the charge. Had this been done, then he could later prepare his bills. But as appellant filed no objections to the charge at the time it was presented to him, and at the time it was read to the jury, he could not later complain of it, either in the motion for a new trial or in a bill of exceptions filed after term time, except under the conditions named in the law. See article .743 as amended by the Act of the Thirty-third Legislature.

The motion for rehearing is overruled.

*Overruled.*