### T. B. TURNER v. THE STATE.

No. 3332.    Decided November 18, 1914.

**1.—Theft of Cattle—Sufficiency of the Evidence.**

Where, upon trial of theft of cattle, the evidence was sufficient to sustain the conviction, there was no error on that ground.

**2.—Same—Venue—Charge of Court.**

Where, upon trial of theft of cattle, the evidence showed that the same were stolen in another county in this State and taken into the county of the

prosecution, the court properly instructed the jury that the venue was in the county of the prosecution.

**3.—Same—Ownership—Charge of Court—Objections—Fundamental Error.**

Where, upon trial of theft of cattle, the court under article 457, Code Criminal Procedure, instructed the jury that if the party alleged in the indictment as the owner had possession, charge and control of the property alleged, that this constituted him the owner, although the title to the property was in another, but did not give the correct name of the latter, and his attention was not called thereto at the time of the trial, and the appellant for the first time in his brief complained of said paragraph of the court's charge, the same came too late, and there was no reversible or fundamental error. Following Mooney v. State, 73 Texas Crim. Rep., 121.

**4.—Same—Brand—Ownership—Charge of Court.**

Where, upon trial of theft of cattle, the defendant submitted a requested charge that the brand on said cattle could only be considered for the purpose of identity, and not as any proof of ownership because unrecorded, but there was no bill of exceptions to the court's refusal to give it, and the court gave no charge whatever on the subject, the same can not be considered on appeal; besides, under the Act of March 31, 1913, there was no error. Following James v. State, 72 Texas Crim. Rep., 457, and other cases.

**5.—Same—Evidence—Testimony on Former Trial.**

Where, upon trial of theft of cattle, the State was permitted to introduce a portion of the testimony of the defendant on a former trial, and defendant offered the balance of the testimony on the question involved, which was by the court excluded, the same was reversible error. Prendergast, Presiding Judge, dissenting, holding that the bill of exceptions was defective.

Appeal from the District Court of Lubbock. Tried below before the Hon. W. R. Spencer.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case. The County of Cochran was attached to Lubbock County for judicial purposes.

*C. D. Russell* and *W. F. Schenck* and *W. D. Benson* and *W. F. Ramsey* and *C. L. Black* and *S. D. Ramsey,* for appellant.—On question of excluding balance of statement of defendant in former trial: Harrison v. State, 20 Texas Crim. App., 387; Schmick v. Noel, 72 Texas, 1.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant appeals from a conviction of theft of cattle for which the lowest penalty was assessed.

This is the second appeal in this case. The opinion in the first is reported in 71 Texas Crim. Rep., 477, 160 S. W. Rep., 357. Only the fourth count in the indictment was submitted to the jury for a finding. Appellant testified on the other trial but did not on this. The State, however, introduced in evidence certain portions of his testimony on the first trial. The evidence was sufficient to sustain the verdict. It is unnecessary to recite it.

The trial judge in a separate and distinct paragraph of his charge told the jury:

"Where property is stolen in one county in this State and carried off by the offender to another, the party stealing the same may be prosecuted either in the county where he took the property or in any other county in the State through which he may have carried the same." In proper time appellant, in writing, objected to this paragraph of the court's charge "because there is no testimony in this case that the cattle alleged to have been stolen were ever in any other county than Cochran County," and it is a mere abstract proposition of law and is not undertaken to be applied to any facts in the case and there are no facts in the case to which it could be applied, and is calculated to mislead and confuse the jury.

This paragraph of the court's charge is almost literally a copy of article 245, Code of Criminal Procedure. Appellant is certainly mistaken when he contends that there was no evidence showing that the alleged stolen cattle were ever in any county other than Cochran County. The uncontradicted testimony of several of the witnesses shows that the eight head of alleged stolen cattle were raised on the Van Nattas' ranch, which was wholly in Bailey County, and the evidence clearly would establish that they were stolen from that ranch in Bailey County and carried to Cochran County. Our statute expressly provides (art. 257, C. C. P.), in effect, that when property is stolen in one county and carried into or through another that the indictment may allege that the offense was committed in the county where the prosecution was carried on, and, to sustain the allegation of venue, it shall only be necessary to prove that by reason of the facts the county where such prosecution is carried on has jurisdiction. Again, if as contended by appellant, the alleged stolen cattle were never in any other county other than Cochran, then said charge could in no way have injured appellant and his objection thereto would present no reversible error.

No other objection whatever was made to the court's charge at the time of the trial. The second paragraph of the court's charge is: "You are charged that the law applicable to this case is that where one person owns property and another person has the actual control, care and management of the same, the ownership may be alleged in either, and if you believe that S. G. Van Natta was the actual owner of the eight head of cattle mentioned in the said indictment, and that W. S. Hall had at the time of the alleged theft actual control, care and management of the same, then I charge you as the law of this case that the said W. S. Hall was in law the owner and in possession of the same."

Appellant now, for the first time, in his brief herein, claims that that part of the paragraph just above quoted, that if you believe from the evidence said S. G. Van Natta was the actual owner of the eight head of cattle, etc., is fundamental error and suggests that it requires the reversal of this case, contending that there was no evidence that the cattle actually belonged to said Van Natta but that the proof showed that they belonged to Van Natta Brothers, the said S. G. Van Natta and J. L. Van Natta.

We think this in no way presents a fundamental error in the court's

charge. The indictment alleged that the cattle belonged to W. S. Hall and the count submitted to the jury says nothing about any other being the owner. The proof shows that Hall was not the owner and did not have the title to the property but that the said Van Nattas did. On the subject of ownership, our statute prescribes (art. 457, C. C. P.): "Where one person owns the property and another has the possession, charge or control of the same, the ownership may be alleged to be in either." The court was endeavoring, by his charge, to give this statute in substance to the jury so that they could understand that while Hall was alleged to be the owner the proof did not have to show that he was the owner, but merely that he had possession, charge and control of the property and that when that was the case ownership could properly be alleged in him. The very object and purpose of amending our law requiring that objection shall be made to the court's charge before the trial (Act of April 5, 1913, p. 278) was that just such matters as this should be pointed out to the court before the trial, and prescribed, unless this is done this court can not reverse. There can be no question but that if this had been pointed out to the court below, he would, at once, instead of using the name of S. G. Van Natta where he did in this portion of the charge, have used that of Van Natta Brothers and then the charge would unquestionably have been proper and entirely apt and appropriate. The case of Mooney v. State, 73 Texas Crim. Rep., 121, 164 S. W. Rep., 828, cited and relied upon by appellant on this point, we think, has no application to this question.

We find in the record what is called appellant's charge No. 1 to the effect "that the testimony with reference to the brand of Van Natta Brothers, 'V' on the jaw and 'V' on the thigh, can be considered" by the jury only for the purpose of identity and can not be taken as any proof of ownership because not recorded at the time, or prior to the theft of the cattle. This is signed by appellant's attorneys and marked "refused" by the court. There is no bill of exceptions to the court's refusal to give it. When it was presented to and acted upon by the court is not disclosed. The court gave no charge whatever on the subject. Hence, the matter is not presented in such a way as that this court is authorized or required to act upon it. Even if it was, in our opinion, it should not have been given. At the time this offense is alleged to have been committed, the construction of article 7160 of our Revised Civil Statutes was that a brand not recorded could not be considered in a criminal case for the purpose of proving ownership, but it could be admitted only as to identity. The Act of March 31, 1913, page 129, amends that article of the Revised Statutes by providing "That this shall not apply in criminal cases." This statute, we think, is clearly what is termed as regulating the procedure, and the court should not have given said special charge even if it had been presented at such time and in such a way as to authorize the court to act upon it and this court to review the question. James v. State, 72 Texas Crim. Rep., 457, 163 S. W. Rep., 61; Wright v. State, 73 Texas Crim. Rep., 178, 163 S. W. Rep., 976; Manning v. State, 73 Texas Crim. Rep., 72, 164 S. W. Rep.,

11; Ybarra v. State, 73 Texas Crim. Rep., 70, 164 S. W. Rep., 10. In no event does the refusal of the court to give such charge under the circumstances present reversible error.

Appellant has several bills of exceptions to the admission of certain testimony, but they are so wholly deficient under all the rules as to preclude their consideration and review by this court. It is even unnecessary to state them.

There is one bill, however, we will particularly quote because it is specially urged by appellant in his brief. That bill, after the heading, giving the number and style of the cause therein, court where pending, is: "Be it remembered that upon the trial of the above entitled and numbered cause the State was permitted to read, over the objection of the defendant, a part of the record of the testimony of the defendant upon a former trial and when the defendant offered to read the balance of the answer of the defendant to *a* question (not *the* question) on a former trial of this cause, the State having read a part of said answer, the part sought to be introduced by the defendant, being a denial of the charge of theft of the cattle and burning the brands, to which the State objected which objection was sustained by the court to which the defendant then and there excepted and tenders this his bill of exception No. 5, and asks that the same be examined, approved and fifiled as a part of the record in this cause, which is accordingly done." The rules prescribing the requisites of a bill of exceptions have been established so long and so uniformly that I will not repeat them. They are shown in sections 857 and 1123 of Judge White's Ann. C. C. P., and some of them restated in Best v. State, 72 Texas Crim. Rep., 201, 164 S. W. Rep., 996, and James v. State, 63 Texas Crim. Rep., 75, and Conger v. State, 63 Texas Crim. Rep., 312. In addition to what is shown or rather what is not shown by the bill I have carefully read all the testimony shown by the statement of facts, reproducing appellant's testimony on the other trial, though the bill can not be aided by this, and I am unable to tell therefrom that any answer to any question was not given completely and in full, and in no way can I tell therefrom that there is any error in appellant's complaint. I think it unnecessary to discuss this bill for it in no way shows that what was excluded was even on the same subject or issue as that introduced.

In my opinion there is no reversible error shown, and the judgment ought to be affirmed, but as held by Judges Harper and Davidson is reversed and remanded.

*Reversed and remanded.*

HARPER, JUDGE.—I think the cause should be reversed because of the error manifest, in my opinion, in bills of exception Nos. 5 and 6. It is shown that the State introduced a portion of the testimony of appellant on a former trial, and appellant "offered the balance of the answer to the question" which was by the court excluded. It is true the balance of the answer is not given, but the bill does state its substance— "that it was a denial of the charge of the theft of the cattle and burning

the brands." The court's reason that appellant was in attendance, and the defendant could place him on the stand and the State could not, is no reason, for the State could not thus seek to force the defendant to testify, and having introduced a portion of his testimony on the former trial, the remainder bearing on the same issue was admissible.

DAVIDSON, JUDGE.—I agree with Judge Harper.