### Chute Conner v. The State.

#### No. 5352.   Decided March 19, 1919.

**1.—Burglary—Date of Offense—Indictment—Variance—Limitation.**

The indictment may allege the date of the commission of the offense, and the proof may not correspond with it literally, but the State would be

permitted to prove any date prior to the filing of the indictment and within the period of limitation. Following James v. State, 72 Texas Crim. Rep., 457, and other cases.

### 2.—Same—Sufficiency of the Evidence—Domestic Servant.

The contention that the defendant was a domestic servant is immaterial if he burglarized the alleged house as contended by the State, especially where he was not a domestic servant in connection with the family residence, but was delivery man carrying feed and groceries from the house to purchasers, and had no authority in the house at night, and the evidence being otherwise sufficient to sustain the conviction, there was no reversible error. Following Love v. State, 52 Texas Crim. Rep., 84, and other cases.

### 3.—Same—Examination of Witnesses—Remarks by Judge.

Without discussing the complaint of the statement of the court during the examination of a witness, the same is not of sufficient importance to require a reversal.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson, judge.

Appeal from a conviction of burglary; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*W. A. Rowe*, for appellant.

*E. A. Berry*, Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, his punishment being assessed at two years confinement in the penitentiary.

The indictment charged that the burglary was committed on the first day of December, 1918. Evidence was introduced that the property which came out of the house and disposed of by appellant was found in his possession, and was delivered to the party to whom he sold it about the 18th or 19th of December. The contention was made by appellant that there is a fatal variance. in that the property was taken or found in his possession on the 18th and the indictment alleged the burglary occurred on the first of the month prior thereto; and he says: "It is such an elementary principle of law on this question, that a conviction for an offense cannot stand, committed after the date alleged in the indictment;" that he deemed it unnecessary to cite authorities to support that proposition. We are of opinion that counsel is in error in the assertion of this proposition. As we understand the law, the indictment may allege the time, and the proof may not correspond with it literally, but the State would be permitted to prove any date prior to the filing of the indictment *and within the period* of limitation. This question has been before the court in other cases. See Herrera v. State, 75 Texas Crim. Rep.,

120; James v. State, 72 Texas Crim. Rep., 457; Perry v. State, 69 Texas Crim. Rep., 644. The pleader may allege one date; the evidence may not correspond with that date. The facts may show that the offense was committed either before or after the alleged date, provided the date fixed in the indictment precedes the return of the indictment by the grand jury.

It is contended that. the evidence is not sufficient to support the conviction. We have carefully read the testimony, and it occurs to us that counsel is in error in this contention. The facts show that appellant was in the employ of the owner of the burglarized house, which was a business concern, and took from the. house some bran, oats and flour and sold it to another party. The defendant so testifies. He also testified to facts that would show it was not a burglary, but that he had taken the property during business hours from the house while the doors were all open. Had the jury believed this testimony they would have undoubtly acquitted him, for such facts would not constitute burglary. But the State's theory is, and its testimony shows, that the house was broken at night and the goods taken. Appellant also testified that he took property from the house on the 18th of the month. The State's evidence shows that the house was broken about the first of the month, and had been broken previously on two or three occasions, and as one of the witnesses says, from the first to about the 18th. The fact that appellant had the property on the 18th would not necessarily indicate that he had not taken it prior to that time. He testified he did not, but the jury were the judges of the facts, and if the house was broken at the time indicated by the State's testimony, the jury had a right to so believe. We are of opinion that the fact that he was a domestic servant would be immaterial, if he burgalized the house as contended by he State. He was not a domestic servant in connection with the family residence. His service was that of a delivery boy or man, carrying, feed and groceries from the house to the parties who purchased. He had no authority in the house at night, and no right to be in there by breaking. The breaking was by force and from the outside, under the State's testimony. Whether he was a domestic servant or not would not justify him in breaking the house, nor relieve him from the charge of burglary. See Neiderluck v. State, 23 Texas Crim. App., 38; Peters v. State, 33 Texas Crim. Rep., 170; Love v. State, 52 Texas Crim. Rep., 84.

There is a bill of exceptions complaining of the statement of the court. during the examination of the witness Blunt. Without discussing this, we are of opinion it is not of sufficient importance or bearing to require a reversal of the judgment, especially as explained by the court.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*