(Court of Criminal Appeals of Texas. March 19, 1919.)

CRIMINAL LAW ☞1090(1) — ABSENCE OF BILL OF EXCEPTIONS—AFFIRMANCE.

In the absence of bill of exceptions and statement of facts, judgment will be affirmed, the indictment being sufficient, and no fundamental error appearing.

Appeal from District Court, El Paso County; W. D. Howe, Judge.

Fermina Fovella was convicted of receiving and concealing stolen property, and she appeals. Affirmed.

E. A. Berry, Asst. Atty. Gen., for the State.

LATTIMORE, J. In this case the appellant was tried for the offense of receiving and concealing stolen property valued at more than $50, and was convicted, and her punishment fixed at confinement in the state penitentiary for a term of two years.

The case is before this court without a

bill of exceptions or a statement of facts; the motion for new trial complains of certain errors, the decision of which would be governed by the facts if properly before us; but in the absence of a statement of facts we cannot tell whether the matters complained of were error or not.

The indictment sufficiently charges the offense, and, there appearing no fundamental errors, the judgment of the lower court is affirmed.

---

(85 Tex. Cr. R. 98)

CONNOR v. STATE. (No. 5352.)

(Court of Criminal Appeals of Texas. March 19, 1919.)

1. INDICTMENT AND INFORMATION ☞176— VARIANCE—PROVING DATE ALLEGED.

That indictment charged that burglary was committed on December 1st, and the evidence showed that accused was on the 18th of the same month found in possession of property which came out of the burglarized house, would not create a fatal variance.

2. INDICTMENT AND INFORMATION ☞176— VARIANCE—PROVING DATE ALLEGED.

The facts may show that the offense was committed either before or after the alleged date, provided the date fixed in the indictment precedes the return of the indictment.

3. BURGLARY ☞41(1) — EVIDENCE — SUFFICIENCY.

In prosecution of defendant servant for burglarizing his master's house at night, evidence *held* sufficient to support conviction.

4. CRIMINAL LAW ☞1159(1)—REVIEW—PROVINCE OF JURY.

In prosecution for burglary, the jurors were the judges of the facts.

5. BURGLARY ☞2—LIABILITY OF DOMESTIC SERVANT OF OWNER.

The fact that defendant was a domestic servant of the owner of the house burglarized was immaterial, where his service was that of a delivery boy and he had no authority in the house at night.

Appeal from Criminal District Court, Harris County; C. W. Robinson, Judge.

Chute Connor was convicted of burglary, and appeals. Affirmed.

W. A. Rowe, of Houston, for appellant.
E. A. Berry, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of burglary, his punishment being assessed at two years' confinement in the penitentiary.

[1, 2] The indictment charged that the burglary was committed on the 1st day of December, 1918. Evidence was introduced

that the property which came out of the house and disposed of by appellant was found in his possession, and was delivered to the party to whom he sold it about the 18th or 19th of December. The contention was made by appellant that there is a fatal variance, in that the property was taken or found in his possession on the 18th, and the indictment alleged the burglary occurred on the 1st of the month prior thereto, and he says: "It is such an elementary principle of law on this question that a conviction for an offense cannot stand, committed after the date alleged in the indictment;" that he deemed it unnecessary to cite authorities to support that proposition. We are of opinion that counsel is in error in the assertion of this proposition. As we understand the law, the indictment may allege the time, and the proof may not correspond with it literally; but the state would be permitted to prove any date prior to the filing the indictment and within the period of limitation. This question has been before the court in other cases. See Herrera v. State, 75 Tex. Cr. R. 120, 170 S. W. 719; James v. State, 72 Tex. Cr. R. 457, 163 S. W. 61; Perry v. State, 69 Tex. Cr. R. 644, 155 S. W. 263. The pleader may allege one date; the evidence may not correspond with that date. The facts may show that the offense was committed either before or after the alleged date, provided the date fixed in the indictment precedes the return of the indictment by the grand jury.

[3-5] It is contended that the evidence is not sufficient to support the conviction. We have carefully read the testimony, and it occurs to us that counsel is in error in this contention. The facts show that appellant was in the employ of the owner of the burglarized house, which was a business concern, and took from the house some bran, oats, and flour, and sold it to another party. The defendant so testifies. He also testified to facts that would show it was not a burglary, but that he had taken the property during business hours from the house while the doors were all open. Had the jury believed this testimony, they would have undoubtedly acquitted him, for such facts would not constitute burglary. But the state's theory is, and its testimony shows, that the house was broken at night and the goods taken. Appellant also testified that he took property from the house on the 18th of the month. The state's evidence shows that the house was broken about the 1st of the month, and had been broken previously on two or three occasions, and, as one of the witnesses says, from the 1st to about the 18th. The fact that appellant had the property on the 18th would not necessarily indicate that he had not taken it prior to that time. He testified he did not, but the jury

were the judges of the facts, and, if the house was broken at the time indicated by the state's testimony, the jury had a right to so believe. We are of opinion that the fact that he was a domestic servant would be immaterial, if he burglarized the house as contended by the state. He was not a domestic servant in connection with the family residence. His service was that of a delivery boy or man, carrying feed and groceries from the house to the parties who purchased. He had no authority in the house at night, and no right to be in there by breaking. The breaking was by force and from the outside, under the state's testimony. Whether he was a domestic servant or not would not justify him in breaking the house, nor relieve him from the charge of burglary. See Neiderluck v. State, 23 Tex. App. 38, 3 S. W. 573; Peters v. State, 33 Tex. Cr. R. 170, 26 S. W. 61; Love v. State, 52 Tex. Cr. R. 84, 105 S. W. 791.

There is a bill of exceptions complaining of the statement of the court during the examination of the witness Blunt. Without discussing this, we are of opinion it is not of sufficient importance or bearing to require a reversal of the judgment, especially as explained by the court.

Finding no reversible error in the record, the judgment is affirmed.